IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH O. WOOD, )
)
        Petitioner, )
)
)   CIVIL ACTION NO. 05-51J
v. )
)
)   JUDGE GIBSON/MAGISTRATE JUDGE
D.O.C. SCI CRESSON, PENNSYLVANIA )   AMY REYNOLDS HAY
BOARD OF PROBATION AND PAROLE, )
)
        Respondents. )

# MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Petitioner's Application to File Appeal (Document No. 35)[1] which is in essence an appeal of Magistrate Judge Hay's Order of September 20, 2005 (Document No. 18) that denied the Petitioner's Motion for Bail to be Set or Release on Own Recognizance (Document No. 13).

The Magistrate Judge's Order of September 20, 2005 denied the Petitioner's Motion on the basis "that the motion [was] denied for lack of authority." The Court disagrees as authority exists for a district court to grant bail to a petitioner seeking federal habeas corpus review of a state sentence. *See Landano*

---

[1] The Petitioner's certificate of service of this appeal is dated September 27, 2005, within three days of the ten day deadline for filing an appeal of a magistrate judge's order set by Local Rule 72.1.3(B). However, this appeal was docketed on December 21, 2005. The record does not reflect when this appeal was received by the Court or why it was untimely docketed if timely received. Nevertheless, the Court will assume that the Petitioner filed a timely appeal in accordance with the applicable local rule.

v. *Rafferty, et al.*, 970 F.2d 1230 (3d Cir. 1992); *Scheinert v. Henderson, et al.*, 800 F.Supp 263 (E.D.Pa. 1992); *U.S. ex rel. Slough v. Yeager*, 449 F.2d 755 (3d Cir. 1971)(per curiam). However, the Court will deny the Petitioner's appeal for release.

*Landano* sets forth the current standard for the determination of whether bail should be granted to those petitioners awaiting review of their habeas corpus petitions. Citing *Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986), the *Landano* Court required the "finding of 'extraordinary circumstances'...[and that] [t]his 'standard reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding.'" *Landano* at 1239. The Third Circuit in *Landano* went on to recognize that a petitioner's "poor health or the impending completion of the prisoner's sentence" were two examples of extraordinary circumstances which would justify bail being granted. *Id.*

The Petitioner asserts in his appeal that a due process violation occurred in his state court proceedings, that new (but unidentified) evidence and facts supported his petition and that the Respondents have improperly applied credit for time previously served by the Petitioner toward his maximum sentence date of December 3, 2006. Among these bases, the Court finds no "extraordinary circumstance" warranting the granting of bail for the Petitioner at this time.

The potential for an extraordinary circumstance exists as the Petitioner approaches his maximum sentence date with each passing day. However, the Court trusts that the able Magistrate Judge reviewing these matters will complete her review of the petition in a timely fashion in order to avoid the need for the Petitioner to file a second motion for bail to be set or release on recognizance.

**AND NOW** this 30th day of December, 2005, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Petitioner's Application for Appeal (Document No. 35) is DENIED without prejudice to the Petitioner to again move the Court to set bail or for release on his own recognizance after April 3, 2006 if his petition has not been ruled upon by that time.

BY THE COURT:

_/s/ Kim R. Gibson_
**KIM R. GIBSON,**
**UNITED STATE DISTRICT JUDGE**

cc: Keith O. Wood, *pro se*
　　Craig E. Maravich, DAG
　　Magistrate Judge Hay