IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH O. WOOD, )<br>        Petitioner )<br>)<br>vs. )<br>)<br>D.O.C. SCI CRESSON; PENNSYLVANIA )<br>BOARD OF PROBATION AND PAROLE, )<br>        Respondents ) | | Civil Action No. 05-51J<br>Judge Kim R. Gibson/<br>Magistrate Judge Amy Reynolds Hay |

O R D E R

AND NOW, this 12th day of April, 2006, the Petitioner having filed a second Motion for Release on Bond, IT IS HEREBY ORDERED that the motion (doc. 41) is DENIED for the reasons that follow.

"[B]ail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.' " Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992)(quoting Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1994)).  Although the court has the power to grant bail pending review of the habeas petition, "the factual predicate for the exercise of such power [is] a finding of 'extraordinary circumstances.'  This 'standard reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding.' " Landano, supra (quoting Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986).  As noted in Landano, rarely have cases presented such extraordinary circumstances and those that have seem to be limited to the poor health of the petitioner or the impending completion of the petitioner's sentence, id., neither of which exists presently in this case.

Indeed, Petitioner has provided this Court with no factual predicate for his request. Rather, he simply relies on the District Court's previous notation that if the Court has not reached a decision on his case by April of 2006 he could again petition for bail pending that decision.

Procedurally, we note the following. Respondents filed their motion to dismiss on December 15, 2006, and their brief in support of the motion on March 21, 2006. Petitioner's Response was due on April 19, 2006, however, he has requested an enlargement of time and, by separate order, this Court has granted him until May 19, 2006 to file same.

Thus it would appear that Petitioner has provided no basis upon which this Court could conclude that "extraordinary circumstances" exist warranting the granting of bail for Petitioner at this time.

IT IS FURTHER ORDERED that if plaintiff desires review of this Order by the District Judge to whom this case is assigned, plaintiff must file an application with the Clerk of Court within ten (10) days of the date of this Order. Failure to do so will waive the right to appeal. Siers v. Morrash, 700 F.2d 113 (3d Cir. 1983).

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:     Keith O. Wood
        DL-6835
        SCI Cresson
        P.O. Box A
        Cresson, PA 16699

        Craig E. Maravich
        Deputy Attorney General
        Office of the Attorney General
        6th Floor, Manor Complex
        564 Forbes Avenue
        Pittsburgh, PA 15219