IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH O. WOOD, | ) | |
|       Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 05-51J |
| | ) | Judge Kim R. Gibson/ |
| D.O.C. SCI CRESSON; PENNSYLVANIA | ) | Magistrate Judge Amy Reynolds Hay |
| BOARD OF PROBATION AND PAROLE, | ) | |
|       Respondents | ) | |

O R D E R

AND NOW, this 21st day of August, 2006, the Petitioner having filed a third Motion for Release on Bond, IT IS HEREBY ORDERED that the motion (doc. 54) is DENIED for the reasons that follow.

"[B]ail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.' " Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992)(quoting Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1994)).  Although the court has the power to grant bail pending review of the habeas petition, "the factual predicate for the exercise of such power [is] a finding of 'extraordinary circumstances.'  This 'standard reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding.' " Landano, supra (quoting Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986).  As noted in Landano, rarely have cases presented such extraordinary circumstances and those that have seem to be limited to the poor health of the petitioner or the impending completion of the petitioner's sentence, id., neither of which exists presently in this case.

Petitioner has provided this Court with no factual predicate for his request. In fact, the present motion contains little more than a caption and a prayer for relief.

Procedurally, we note the following. Following a determination on the Respondents' Motion to Dismiss, they filed their Answer to the instant Petition on July 12, 2006. Accordingly, having so recently received the Answer and supporting records in this case we cannot say that there has been a delay in adjudicating the Petition. As noted, Petitioner has not presented any facts by which the Court could conclude that "extraordinary circumstances" exist warranting the granting of bail for Petitioner at this time.

IT IS FURTHER ORDERED that if plaintiff desires review of this Order by the District Judge to whom this case is assigned, plaintiff must file an application with the Clerk of Court within ten (10) days of the date of this Order. Failure to do so will waive the right to appeal. Siers v. Morrash, 700 F.2d 113 (3d Cir. 1983).

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc: Keith O. Wood
DL-6835
SCI Cresson
P.O. Box A
Cresson, PA 16699

Craig E. Maravich
Deputy Attorney General
Office of the Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219