IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH O. WOOD, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>D.O.C. SCI-CRESSON, and the )<br>COMMONWEALTH OF PENNSYLVANIA )<br>BOARD OF PROBATION AND PAROLE )<br>)<br>Respondents )<br>)<br>) | Civil Action No. 05-51J<br><br><br>Judge Kim R. Gibson/<br>Magistrate Judge Amy Reynolds Hay<br><br>Re: Doc. 65-1 |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the Respondents' motion to dismiss be granted.

II. REPORT

Keith Wood (Petitioner) seeks habeas relief from his sentence. The sole contention raised that is cognizable in habeas[1] is that he was improperly denied credit against his sentence and that, if properly credited, his sentence would have been completed on December 3, 2005. This case has been the subject of a prior report and recommendation, Doc. 49, and familiarity with that report is presumed. There has been some delay in this case due, in part to Petitioner, who twice sought to withdraw the habeas petition only to change his mind. Docs. 16, 28, & 69. In addition, despite having been given three extensions of time in which to file an answer, the respondents filed, without leave of court, a motion to dismiss, Doc. 29, which necessitated the filing of a report and recommendation that was ultimately denied. Doc. Nos. 49 & 53.

---

[1] Petitioner attempted to raise issues in this habeas petition concerning the conditions of his confinement that are properly the subject of a civil rights action. See, e.g., Doc. 49 at p. 3, where Petitioner raised the issue of whether he was subject to the requirement that he give a DNA sample to the Department of Corrections.

1

Respondents finally filed an answer explaining how Petitioner's multiple sentences were credited. Doc. 52. Recently, the court received a notice of change of address from Petitioner, indicating that he was living in a private residence. See docket entry of December 5, 2006. Subsequently, on December 15, 2006, the Respondents filed another motion to dismiss, asserting that Petitioner had been released from the sentence on December 3, 2006, at the full completion of the sentence that was the subject of Petitioner's habeas challenge herein. Doc. 65-1. Respondents pointed out that his release from his sentence rendered this case moot. The court directed that Petitioner file a response. Doc. 66. Petitioner then filed two motions for extensions of time in which to file a response. Doc. Nos. 67 & 70. Most recently, Petitioner filed his response. Doc. 72. Although Petitioner did not file a change of address[2] the envelopes in which he sent his latest motion for extension of time and his response indicated that Petitioner was now in the Allegheny County Jail.

**Discussion**

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Congregation Kol Ami v. Abington Township, 309 F.3d 120, 131 (3d Cir. 2002). In other words, where a party has obtained the relief he sought by the time a court comes to rule on a request for relief, the case becomes moot and should be dismissed. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981) ("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot.").

---

[2] It is Petitioner's obligation to file a change of address with the Clerk's Office when his address has changed.

Here, Petitioner's sole cognizable claim was that his sentence was improperly calculated.[3] By way of relief, he sought via this habeas petition to be released from his custody stemming from the challenged sentence. Petitioner's custody, resulting from the challenged sentence, ended on December 3, 2006. Because Petitioner has obtained that which he sought via this habeas petition, i.e., release from custody, the habeas petition is now moot. Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot. 'Nullification of a conviction may have important benefits for a defendant ... but urging in a habeas corpus proceeding the correction of a sentence already served is another matter.' *North Carolina v. Rice*, 404 U.S. 244, 248."); United States ex rel. Machado v. Wilkins, 423 F.2d 385 (2d Cir. 1970) (where prisoner's federal habeas petition was challenging only the length of his state sentence as opposed to the validity of his conviction, the case became moot when prisoner's sentence was completely served). Petitioner's only argument in his response is that the mere fact that he was released "does not warrant dismissal of habeas corpus. Petitioner filed a writ of habeas corpus before his release." Doc. 72-1 at 2, ¶ 6. However, the fact that he filed his habeas petition prior to the case becoming moot does not render his case not moot. His argument misses the mark.

---

[3] To the extent that he wishes to pursue a claim concerning the allegedly improper collecting of his DNA, he may do so in a properly filed civil rights action. However, the likelihood of success in such an action is questionable at best. See, e.g., Johnson v. Ogershok, 134 Fed.Appx. 535 (3d Cir. 2005) (Pennsylvania's DNA statute does not violate Fourth Amendment); Johnson v. Pennsylvania Bd. of Probation and Parole, 163 Fed.Appx. 159 (3d Cir. 2006)(Pennsylvania's DNA statute does not violate ex post facto provision). The case cited by Petitioner, namely, DeWeese v. Weaver, 880 A.2d 54 (Pa.Cmwlth. 2005), declared the Act of 2002, June 19, P.L. 394, No. 57, § 2 unconstitutional for violating the state constitution's requirement that bills and laws address only a single subject. That statute addressed two subjects: (1) DNA samples and (2) comparative negligence. However, the DNA act in effect in July 2005, which was when Petitioner's DNA was taken, Doc. 72-1 at 2, ¶ 5, was the Act of 2004, Nov. 30, P.L. 1428, No. 185, § 3, which was effective January 31, 2005. See 44 Pa.C.S.A. § 2316 et seq. Hence, Petitioner's only argument as to the alleged unconstitutionality of the DNA act targets the wrong statute.

The mere fact of filing before a case is moot does nothing to keep it from becoming moot during the course of the proceedings. Accordingly, the petition should now be dismissed as moot.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    /s/ *Amy Reynolds Hay*
    AMY REYNOLDS HAY
    United States Magistrate Judge

Dated: 15 March, 2007

cc:    The Honorable Kim R. Gibson
      United States District Judge

      Keith O. Wood
      DOC & POD # 6821 4-C-222
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219-3100

      Mary Lynch Friedline, Esquire via Notice of Electronic Filing