IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH O. WOOD, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) |
| | ) |
| D.O.C. SCI-CRESSON, and the | ) |
| COMMONWEALTH OF PENNSYLVANIA | ) Civil Action No. 05-51J |
| BOARD OF PROBATION AND PAROLE | ) Judge Kim R. Gibson/ |
| | ) Magistrate Judge Amy Reynolds Hay |
| Respondents | ) |
| | ) |

**MEMORANDUM ORDER**

The above-captioned Petition was received by the Clerk of Court on February 10, 2005,

and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings

in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and

72.1.4 of the Local Rules for Magistrate Judges. The Magistrate Judge issued a Report and

Recommendation (Dkt. [73]) that the Respondents' Motion to Dismiss be granted and the

Petition for Writ of Habeas Corpus be dismissed as moot. Petitioner filed objections however,

none of the objections persuades the Court that the report's recommendation was wrong and no

specific mention of the objections is required since they are all adequately addressed in the report

itself. Accordingly, after *de novo* review of the pleadings and the documents in the case, together

with the Report and Recommendation, and the objections, the following order is entered:

AND NOW, this _14th_ day of _May_, 2007,

**IT IS HEREBY ORDERED** that the Respondents' Motion to Dismiss is

**GRANTED** and the Petition for Writ of Habeas Corpus is **DISMISSED** as moot.

In order to obtain a certificate of appealability, a habeas Petitioner must make a

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (C)(2).  There is a

difficulty in applying this test when the Court does not address the constitutional issues raised but

decides the habeas petition based on a procedural issue such as mootness, as is the case herein.

Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d

82, 89-90 (3d Cir. 2000).   In resolving this difficulty, the Supreme Court in  Slack v. McDaniel,

held that

> [w]hen the district court denies a habeas petition on procedural
> grounds without reaching the prisoner's underlying constitutional
> claim, a [certificate of appealability] should issue when the
> prisoner shows, at least, that jurists of reason would find it
> debatable whether the petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural
> ruling.

Slack v. McDaniel, 529 U.S. at 484.   Hence, the analysis as to whether a certificate of

appealability should issue to review a procedural question, has "two components, one directed at

the underlying constitutional claims and one directed at the district court's procedural holding."

Id. at 473.  The test is conjunctive and both prongs must be met.  See Walker v. Government of

the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the Court concludes that jurists of

reason would not find it debatable whether dismissal of the Petitioner's claims because they are

moot was correct and that jurists of reason would not find it debatable that refusing to address the

DNA issue based on it not being cognizable in habeas was correct .  Having found the one prong

unmet, the Court need not address the other prong of whether jurists of reason would find it

debatable whether petitioner's claims state a valid claim of a denial of a constitutional right.

2

Accordingly, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. [73])

of Magistrate Judge Hay, filed March 15, 2007, is adopted as the opinion of the court.

May 14, 2007

The Honorable Kim R. Gibson
United States District Court Judge

cc:   Hon. Amy Reynolds Hay
      United States Magistrate Judge

      Keith Wood
      DOC & POD # 6821 4-C-222
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA. 15219-3100

      Mary Lynch Friedline, Esquire
      by Notice of Electronic Filing